a misjoinder of parties defendant. It is further insisted that suits upon contract are joined with suits sounding in tort. The plaintiffs are not suing Manget and Luke upon their contracts in which the latter employed the former to sell their real estate holdings and agreed to pay them commissions for these services; but they are suing in an action ex delicto, as we have undertaken to show above. This being so, there is not a joinder of causes of action ex contractu and ex delicto. The contracts are alleged for the purpose of showing the manner in which the alleged tort was committed, and for the further purpose of showing the amount of damages which the plaintiffs have sustained by reason of the commission of such tort. The petition is not multifarious for the reason that it sets out separate and distinct causes of action against separate and distinct defendants, or because it improperly joins parties defendant; but it is a suit based upon a single cause of action arising out of the breaches of contracts between the owners and the agents for the sale of these parcels of real estate, and for the payment of these agents for such services, which breaches were brought about by a combination and conspiracy entered into between the defendants to accomplish this purpose.

*Judgment affirmed. All the Justices concur.*

---

LUKE *v.* DuPREE *et al.*    KERR *v.* DuPREE *et al.*
MANGET *v.* DuPREE *et al.*

These cases are controlled by the decision this day rendered in *Luke* v. *DuPree et al.*, ante, 590.

Nos. 4281, 4283, 4284.  JULY 19, 1924.

Equitable petition. Before Judge Ellis. Fulton superior court. February 5, 1924.

*Philip Weltner* and *Elliott Cheatham,* for Luke and Kerr.
*E. R. Craighead,* for Manget.
*Colquitt & Conyers* and *Hill & Adams,* for DuPree et al.